# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY CHARLES FENIMORE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> THOMAS SCARANTINO, Warden, ) <br> ) <br> Respondent. ) | Case No. CIV-16-1209-F |

## REPORT AND RECOMMENDATION

Petitioner, a pro se federal inmate, challenges the Bureau of Prison's (BOP) calculation of his sentence under 28 U.S.C. § 2241. Doc. 1. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a response and Petitioner has replied. Docs. 18, 22. The undersigned recommends the court deny Petitioner's petition.

## I. Background.

Petitioner alleges he has been "denied statutory credit under 18 U.S.C. § 3585(b) for the time period between April 12, 2004 through January 7, 2005 on the incorrect basis that I received the same upon my concurrent state sentences." Doc. 1, at 7. He maintains "[t]he Bureau of Prisons [BOP] has just assumed this fact with no evidence." *Id.*

Because Petitioner proceeds pro se, the court liberally construes his pleadings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Respondent provides the court with the Declaration of Deborah A. Locke, Senior Attorney, United States Department of Justice's Federal Bureau of Prisons, Federal Transfer Center. Doc. 18, Ex. 1.[1] This Declaration and its supporting documents detail Petitioner's state and federal court arrests, charges, convictions, and sentences that relate to his Petition. *Id.* at 3-13.

Oklahoma authorities arrested Petitioner on January 25, 2004, and the State of Oklahoma charged him in Case No. CF-2004-675 with burglary in the first degree, pointing a firearm at another, and possession of a firearm after former conviction of a felony. Doc. 18, Ex. 1, at 4 & Att. 6. Petitioner was released on bond on February 1, 2004. *Id.* On April 12, 2004, Oklahoma authorities arrested Petitioner and the State of Oklahoma charged him in Case No. CF-2004-2281 of felony aggravated eluding a police officer and of possession of a firearm after former conviction of a felony. Doc. 18, Ex. 1, at 4 & Att. 7. He remained in custody without bond. *Id.*

On July 7, 2004, the federal grand jury for the Western District of Oklahoma indicted Petitioner in Case. No. 5:04-cr-135-F-1, charging him with

---

[1] Citations to Doc. 18, its exhibits, and the exhibit's many attachments cite the actual page numbers, not the CM-ECF pagination. Citations to other documents filed in this Court use the page numbers assigned by CM/ECF.

2

felony in possession of a firearm and ammunition, possession of marijuana with intent to distribute, and possession of a firearm during and in relation to a drug trafficking crime. Doc. 18, Ex. 1, at 5 & Att. 8, Dock. Entry 1. On July 16 2004, the United States Marshal Service (USMS) received Petitioner into temporary custody via a federal writ (Habeas Corpus Ad Prosequendum), returning him to state custody that same day. Doc. 18, Ex. 1 at 5 & Att. 8, Dock. Entry 8; Doc. 18, Ex. 1, Att. 9. The USMS again received Petitioner into temporary custody on August 31, 2004, September 23, 2004 (where Petitioner pleaded guilty to the felon in possession count), and January 5, 2005 (sentencing), and returned Petitioner to state custody after court those same dates. Doc. 18, Ex. 1, at 5 & Att. 9, at 2; Doc. 18, Ex. 1, at 5 & Att. 8, Dock. Entries 23, 32; Doc. 18, Ex. 1, at 6 & Att. 10. On this federal count, Petitioner received a 192-month sentence, with no mention of concurrent or consecutive sentences with the then-pending State of Oklahoma charges. Doc. 18, Ex. 1, at 6 & Att. 9, at 2.

On January 7, 2005, the State of Oklahoma placed Petitioner under his recognizance bond (ROR Bond), which was posted that day, and ordered him placed in federal custody. Doc. 18, Ex. 1, at 6 & Att. 11. On January 14, 2005, Petitioner released to federal custody. Doc. 18, Ex. 1, at 6 & Att. 9, at 2, Att. 19, at 2.

On February 4, 2005, in the State of Oklahoma Case No. CF-2004-675, Petitioner pleaded guilty to count 2 (pointing a firearm) and count 3 (possession of a firearm). Doc. 18, Ex. 1, at 6 & Att. 12, at 11-12. Petitioner received a 20-year sentence on count 2 and a 10-year sentence on count 3. Doc. 18, Ex. 1, at 6 & Att. 12, at 11-12. The state court ordered the sentences to run consecutively to one another, but concurrently with his federal sentence and with the State of Oklahoma Case No. CF-2004-2281. Doc. 18, Ex. 1, at 6-7 & Att. 12, at 11-12. The state court later amended these sentences, adding that they should also run coterminously with the sentences imposed in State of Oklahoma Case No. CF-2004-2281 and with his federal sentence. Doc. 18, Ex. 1, at 8 & Att. 15, at 1-2.[2]

On February 4, 2005, in the State of Oklahoma Case No. CF-2004-2281, Petitioner also pleaded guilty to count 1 (aggravated attempt to elude an officer) and count 2 (possession of a firearm), receiving a 10-year concurrent

---

[2] A sentence is considered "concurrent" when it is to be served simultaneously with another sentence. Black's Law Dictionary 1569 (10th ed.2014). But, that does not mean the sentences will end at the same time. When the sentences are to end at the same time, the second one is called "coterminous." *See Whitfield v. Florida*, 95 So.3d 964, 965 n. 3 (Fla. Dist. Ct. App.2012) (per curiam) ("A coterminous sentence is a sentence that runs concurrently with another sentence and is ordered to terminate simultaneously with the other sentence.").

*Brown v. Parker*, 771 F.3d 1270, 1272 (10th Cir. 2014)

sentence on each count. Doc. 18, Ex. 1, at 7 & Att. 13, at 2, 5. The state court ordered these sentences also run concurrently with the sentences imposed in State of Oklahoma Case No. CF-2004-675 and with his federal sentence. Doc. 18, Ex. 1, at 7 & Att. 13, at 5. The state court later amended these sentences, adding that they should also run coterminously with the sentences imposed in State of Oklahoma Case No. CF-2004-675 and with his federal sentence. Doc. 18, Ex. 1, at 8 & Att. 15, at 4-5.

On February 11, 2005, Petitioner arrived at his designated BOP institution. Doc. 18, at 10 & Ex. 1, at 10 & Att. 2. The BOP initially credited Petitioner with various time periods, but later realized the Oklahoma Department of Corrections (OKDOC) had already credited portions of these periods to his state sentence. Doc. 18, at 10-11 & Ex. 1, at 10 & Atts. 17, 19. The OKDOC credited from April 12, 2004 through February 4, 2005 to Petitioner's prior custody. Doc. 18, Ex. 1, at 10 & Att. 17, at 2. So, the BOP could not credit any time within this period to Petitioner's federal sentence. 18 U.S.C. § 3585(b). This period subsumes the time for which Petitioner deems he should receive federal credit.

The BOP also considered the concurrent nature of Petitioner's sentences, given his release on ROR Bond. The BOP confirmed Petitioner received credit for 285 days of "qualified presentence time," which "is time spent in state custody from the date of the federal offense, that does not overlap any other

5

prior custody time credits, to the date the first sentence begins to run, federal or non-federal." Doc. 18, Ex. 1, at 11 n.3 (citing BOP Program Statement 5880.28). These qualified presentence time dates encompassed:

- January 23, 2004 (date of arrest) through February 1, 2004 (release on bond) = 8 days, including end date; and

- April 12, 2004 (date of arrest) through January 13, 2005 (date preceding release to federal custody) = 277 days, including end date.

*See* Doc. 1, at 11 & Ex. 1, at 18 & Att. 21, at 1.

To determine whether the federal sentence should receive credit for the qualified presentence time, the BOP completed a "Willis/Kayfez Calculation Worksheet." Doc. 18, Ex. 1, Att. 21; *see Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). The sheet's instructions require completion "whenever a federal and non-federal sentence run concurrently. Regardless of why or for how long." Doc. 18, Ex. 1, Att. 21, at 2. The worksheet compares the "Raw Expiration Full Term Date" (EFT) for each sentence. Doc. 18, Ex. 1, at 11-12. The worksheet's steps ensure an inmate receives sentence credit for prior custody and that it applies to the term with the latest full term date. Doc. 18, Ex. 1, at 11 & Att. 21; *see Kinslow v. Wands*, 432 F. App'x 788, 789 (10th Cir. 2011) (applying *Kayfez*); *Mogavero v. Cozza-Rhodes*, No. 14-CV-02381-REB, 2015 WL 3660330, at *1 (D. Colo. June

12, 2015) (unpublished order). Petitioner received no federal credit for qualified presentence time. *See* Doc. 18, Ex. 1, Att. 21.

**II. Analysis.**

In his § 2241 petition, Petitioner alleges that the BOP failed to award him credit from the date of his arrest through the date of his federal sentencing (April 12, 2004 through January 7, 2005). Doc. 1, at 7. Respondent does not challenge Petitioner's exhaustion of remedies.

**A. The law.**

The computation of a federal sentence requires consideration of two separate issues: (1) the commencement date of the federal sentence, and (2) the extent to which a defendant can receive credit for time spent in custody prior to commencement of his sentence. *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). "A federal sentence commences when a prisoner is received into federal custody for that purpose." *Esquivel v. Warden*, 462 F. App'x 825, 827 (10th Cir. 2012) (citing *Binford*, 436 F.3d at 1255 and 18 U.S.C. § 3585(a)).

The issue is the credit, if any, to which Petitioner is entitled for custody prior to that date. "Federal law mandates that a prisoner may not receive credit toward a federal sentence 'for any time . . . spent in official detention . . . credited against another sentence.'" *Esquivel*, 462 F. App'x at 827 (quoting 18 U.S.C. § 3585(b)); *Heddings v. Garcia*, 491 F. App'x 896, 900 n.1 (10th Cir.

2012) (noting "Heddings 'does not challenge the government's assertion that the entire time from his arrest on September 12, 2005, until his federal sentence commenced on May 1, 2009, actually was credited to his Montana state sentence.' And rightly so, because 'Congress made clear in enacting § 3585(b) that a defendant could not receive a double credit for his detention time.'" (citation and internal brackets omitted)).

Additionally, the "'sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant.'" *Binford*, 436 F.3d at 1255 (citation omitted). That sovereign "determines whether to retain or surrender that custody." *Id.* Here, the State of Oklahoma released Petitioner on ROR Bond and he began his federal sentence on January 14, 2005. Doc. 18, Ex. 1, Att. 11 & Att. 9 at 2.

**B.     Petitioner's claims.**

### 1.     Time in state custody while a federal detainer was pending.

Petitioner argues that he learned on April 12, 2004, there was a federal detainer pending against him. Doc. 2, at 8. Because he remained in state custody from this time through January 7, 2005, he argues he is entitled to pre-sentence custody credit against his federal sentence.[3] *Id.* (citing *Kayfez*,

---

[3]     Petitioner takes issue with Respondent's statements as to when his federal sentence commenced. Doc. 2, at 7-8, Doc. 22, at 4-5. The record indicates the ROR Bond posted on January 7, 2005, and Petitioner was

993 F.2d at 1289-90). And, he argues his federal offense actually occurred on October 5, 2003, suggesting the time in state custody should be credited toward his federal sentence. *Id.*

The BOP confirmed the OKDOC credited from April 12, 2004 through February 4, 2005 to Petitioner's prior state custody. Doc. 18, Ex. 1, at 10 & Att. 17, at 2. So, the BOP could not credit any time within this period to Petitioner's federal sentence. 18 U.S.C. § 3585(b). This period subsumes the time for which Petitioner deems he should receive federal credit.

Petitioner argues an exception applies. Doc. 2, at 8. The BOP has created a limited exception to § 3585(b)'s rule against double credit in accordance with the decisions in *Kayfez* and *Willis*.

> Pursuant to *Kayfez*, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the [EFT] of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. *See* [BOP Program Statement] 5880.28, Chapt. 1 at Pages 22B–24. Pursuant to *Willis*, the BOP will award an amount of non-federal presentence credit if the following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the

---

released to federal custody on January 14, 2005. Doc. 18, Ex. 1, at 6 & Atts. 9, 11, 19. Petitioner thus began serving his federal sentence on January 14, 2005. As noted, the OKDOC's credit calculation encompasses both dates and Petitioner has received credit for this time period: "The OKDOC's award of prior custody credit included from April 12, 2004 through February 4, 2005." Doc. 18, at 10 & Ex. 1, at 10-11 & Att. 20.

9

> non-federal raw EFT is either the same or earlier than the federal raw EFT. *Id.*

*Bradley v. Rathman*, No. 1:10-CV-3053-VEH-RRA, 2012 WL 3999861, at *3 (N.D. Ala. Aug. 20, 2012) (unpublished report and recommendation) *adopted*, 2012 WL 4006334 (N.D. Ala. Sept. 10, 2012) (unpublished order).

According to BOP policy, Petitioner would be entitled to *Willis* credit only if his state and federal sentences are concurrent and the EFT of his state sentence is the same or earlier than the EFT of his federal sentence. BOP Program Statement 5880.28, at 1-22 through 1-22B, https://www.bop.gov/policy/progstat/5880_028.pdf (last accessed April 12, 2017).[4] Petitioner's sentences are concurrent. The EFT of his state sentence is February 3, 2025 and the EFT of his federal sentence is January 13, 2021. Doc. 18, Ex. 1, at 12 & Att. 21, at 2-3.[5] Because the EFT of Petitioner's state sentence falls after the EFT of his federal sentence, he is not entitled to *Willis* credit.

Petitioner is entitled to *Kayfez* credit only if his state and federal sentences are concurrent, the EFT of the state term falls after the EFT of the federal term, and if, after application of qualified state presentence time, the

---

[4] This Court takes judicial notice of the BOP's Program Statement. *United States v. Tidzump*, 841 F.3d 844, 845 (10th Cir. 2016).

[5] The Locke Declaration once misstates Petitioner's EFT as February 23, 2025. Doc. 18, Ex. 1, at 13; *see also id.* at 12 (indicating EFT is February 3, 2025).

adjusted EFT of the state term is earlier than the EFT of the federal term. BOP Program Statement 5880.28, at 1-22C through 1-24, https://www.bop.gov/policy/progstat/5880_028.pdf (last accessed April 12, 2017). As previously stated, the sentences are concurrent and the EFT of Petitioner's state sentence falls after the EFT of his federal sentence. Even after application of the 285 days to Petitioner's state term, the adjusted EFT of the state term (April 24, 2024) still post-dates the federal EFT (January 13, 2021). Doc. 18, Ex. 1, Att. 21, at 2-3. So, Petitioner has received the full benefit of his qualified state presentence credit and does not qualify for *Kayfez* credits.

### 2. Conterminous sentence.

Finally, to the extent Petitioner argues his amended state sentences ended at the same time because the state court indicated they were to run both concurrently *and coterminously* with his federal sentence, Doc. 2, at 3-4; Doc. 3, at 3-4, Doc. 22, at 1-4, such argument fails. Respondent acknowledges the "coterminous" verbiage and relies on binding case law to refute Petitioner's argument. Doc. 18, at 13-15.

Through the amended orders, the state court judge apparently tried to change the sentences from concurrent to concurrent *and* coterminous. Doc. 18, Ex. 1, at 8 & Att. 15, at 1-2, 4-5. But, the state court judge lacked legal authority to do so:

> Some states authorize coterminous sentences at least in some circumstances. *See, e.g., Cottengim v. Florida*, 44 So.3d 209, 211 (Fla. App. 2010) (per curiam) ("[C]oterminous sentences have been recognized as a legitimate sentencing option."). *But, Oklahoma does not. In Oklahoma, district courts can make a sentence concurrent or consecutive.* Okla. Stat. tit. 22 § 976. *But, Oklahoma law does not provide any authority for the imposition of a coterminous sentence.* Because the Muskogee judge *lacked authority to render a coterminous sentence*, the third amended *order was a nullity. See Carroll v. Alabama Dep't of Corr.*, ––– So.3d –––, –––, 2014 WL 4957723, at *2 (Ala. Crim. App. 2014) (stating that a sentencing order was void because it purported to make the sentence coterminous and the state had no statute or rule that would allow issuance of a coterminous sentence).

*Brown*, 771 F.3d at 1273 (emphasis added). Because the state court judge's amended order was a "nullity" and "lacked any legal effect," the amended order's "coterminous" language has no legal consequence, and Plaintiff's argument falls flat. *Id.*

### III. Recommendation and notice of right to object.

The undersigned recommends the court deny Petitioner's petition for habeas relief under § 2241.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 21st day of May, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both

factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 1st day of May, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE