# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY CHARLES FENIMORE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| -vs- | ) | Case No. CIV-16-1209-F |
|  | ) |  |
| THOMAS SCARANTINO, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

## ORDER

In this action, petitioner Timothy Charles Fenimore challenges the Bureau of Prison's (BOP's) calculation of his sentence, seeking habeas relief under 28 U.S.C. § 2241. Petitioner appears *pro se*, and his pleadings are liberally construed.

Magistrate Judge Suzanne Mitchell entered her Report and Recommendation on May 1, 2017, recommending the court deny habeas relief. Doc. no. 23.

Petitioner objects to two aspects of the Report. Doc. no. 24.

The first objection relates to a dispute about when petitioner's federal sentence commenced, specifically, whether he is entitled to credit on his federal sentence for the period of January 7, 2005 through January 14, 2005. The Report indicates that petitioner was released to federal custody on January 14, 2005, and began serving his federal sentence on that date, citing documents in support. Doc. no. 23, pp. 8-9 of 23, n.3. Petitioner contends he began his federal sentence when the ROR Bond was posted on January 7, 2005, citing the state court order of that date which states that he was to "be placed in federal custody." *See*, doc. no. 18-12 (Order for Own Recognizance Bond and Transfer to Federal Custody). Petitioner argues, among

other things, that the magistrate judge was "duped into believing that this Petitioner was released on ROR Bond on January 14, 2005 rather than the actual date that it occurred on, January 7, 2005." Doc. no. 24, p. 3 of 6. Petitioner argues that a sentence commences on the date the defendant is received in custody awaiting transportation, and that the Full Faith and Credit Clause requires the court to give credit to the state court judgment (apparently referring to the state court order of January 7, 2005, entered when the ROR Bond was posted and stating that petitioner was to be placed in federal custody).

The court rejects the first objection as grounds for habeas relief. Contrary to petitioner's contentions, the magistrate judge did not fail to appreciate any of petitioner's arguments, nor was she "duped" or confused about when petitioner's federal custody began. She noted petitioner's dispute with the respondent about when petitioner's federal sentence commenced. But as explained in the Report, the period related to this particular dispute (January 7 through January 14, 2005) was not available to be credited toward petitioner's federal sentence. As the Report states, that period was subsumed within the period of April 12, 2004 through February 4, 2005, the period which the BOP confirmed the Oklahoma Department of Corrections had credited to petitioner's prior state custody. Doc. no. 23, p. 9 of 13. Federal law prohibits a prisoner from receiving credit toward a federal sentence for any time spent in official detention which has been credited against another sentence, and no exception to that rule applies here. *Id*., pp. 7-11. Accordingly, the BOP could not credit any time within the April 12, 2004 to February 4, 2005 period to petitioner's federal sentence.

Petitioner's second objection is based on the Report's reliance on Brown v. Parker, 771 P.3d 1270 (10th Cir. 2014). Petitioner argues that Brown, quoted in the Report at doc. no. 23, pp. 11-12 of 13, is distinguishable and does not control. Brown found that Oklahoma district courts may make a sentence concurrent or consecutive

2

but that Oklahoma law does not provide any authority for the imposition of a coterminous sentence. Brown, 771 F.3d at 1273. Petitioner's attempts to distinguish Brown provide no basis by which to avoid the holding in Brown. As made clear in Brown, an Oklahoma court order which purportedly provides that sentences shall run coterminously is a nullity. *Id.* Petitioner's second objection provides no basis for habeas relief.

For the reasons stated above, petitioner's objections to the Report as presented in doc. no. 24, will be denied.

The court notes petitioner's statement in doc. no. 24 that one other objection, filed on January 20, 2017, remains pending. *See*, doc. no. 24, p. 1 of 6, n.1, referring to an objection (doc. no. 17) to Magistrate Judge Mitchell's order of December 20, 2016 (doc. no. 13). The objection of January 20, 2017 takes issue with Magistrate Judge Mitchell's order granting the respondent a forty-five day extension within which to file an answer or a response brief. In that objection, petitioner presents several substantive grounds intended to show that the magistrate judge erred in her order of December 20, 2016. Upon *de novo* review, the court finds that the magistrate judge did not abuse her discretion or otherwise err when she permitted the extension and entered the December 20, 2016 order. The objection at doc. no. 17 will be denied.

Having reviewed petitioner's objections *de novo*, and having reviewed the entirety of the Report, all objections are **DENIED**, and the Report is **ACCEPTED, ADOPTED** and **AFFIRMED**. As recommended in the Report, the petition for habeas relief is **DENIED**.

The Rules applicable to proceedings under 28 U.S.C. § 2254 provide that the district court may apply those rules in other habeas matters. *See*, Rules Governing Habeas Cases Under § 2254. Rule 11 of those rules, which the court applies in these § 2241 proceedings, requires the district court to issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. Petitioner has not made the requisite showing and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 5th day of June, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-1209p001.docx